# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 24, 2009

Paul R. Schlitz, Jr., Esq.
Jenkins, Block & Assocs.
1040 Park Avenue, Ste. 206
Baltimore, MD  21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore,  MD  21201

> **Re: Alice F. Johnson v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1121**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Johnson's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Paper Nos. 8, 21, 24).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Ms. Johnson ("Claimant") applied for DIB and SSI on April 21, 2005, alleging that she was disabled as of February 12, 2001, due to herniated disc, arthritis, thyroid problems, acid reflux disease, fibromyalgia, hypertension, restless leg syndrome and depression. (Tr. 15, 36, 87).  Her claims were denied initially, and upon reconsideration. (Tr. 29-35).  After a hearing held on September 11, 2006, before an Administrative Law Judge, the Honorable Judith A. Showalter, ("ALJ") Ms. Johnson's claims were denied in a decision dated November 17, 2006.  The ALJ found that Claimant retained the residual functional capacity ("RFC") to

perform less than a full range of light work[1] and that based on her RFC, she was not able to perform any of her past relevant work ("PRW").(Tr. 20). After receiving testimony from a vocational expert ("VE"), the ALJ found that work was available in the local and national economies that Claimant could perform. Accordingly, the ALJ found she was not disabled.(Tr. 14-21). On March 3, 2008, the Appeals Council denied Ms. Johnson's request for review, making her case ready for judicial review. (Tr. 4-6).

Claimant raises several arguments in support of her contention that the Commissioner's final decision should be reversed or, in the alternative, remanded. The undersigned has considered all of the arguments and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Ms. Johnson first argues that the ALJ incorrectly analyzed her complaints of pain and her fibromyalgia and the effects they had on her ability to perform work. Because pain itself can be disabling, "it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980). In this Circuit, it is well-established that an ALJ must follow the two-step process for assessing complaints of pain as set forth in *Craig v. Chater*, 76 F.3d 585,594-596 (4th Cir. 1996). *See, e.g., Ketcher v. Apfel*, 68 F. Supp. 2d 629, 652-653 (D. Md. 1999); *Hill v. Comm'r.*, 49 F. Supp. 2d 865, 868 (S.D.W.Va. 1999). First, the ALJ must determine whether there is objective evidence showing the existence of a medical impairment that reasonably could be expected to cause the pain the claimant alleges he or she suffers. *Craig*, 76 F.3d at 594, *citing* 20 C.F.R. §§ 416.929(b) and 404.1529(b). This first prong, however, does not require a determination regarding the intensity, persistence, or functionally limiting effects of the pain asserted. *Id.* This is reserved for the second inquiry, which is an evaluation of the "intensity and persistence of the claimant's pain, and the extent to which it affects the claimant's ability to work." *Craig,* 76 F.3d at 595. Importantly in assessing the intensity and persistence of claimant's pain, claims of disabling pain may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of her pain. 20 C.F.R. §§ 416.929(c)(2) and 404.1529(c)(2).

---

[1] The ALJ found Ms. Johnson's capacity for a full range of light work was diminished by her inability to perform jobs that required complex or detailed job tasks. (Tr. 19).

Here, it is not the first prong of the *Craig* test that is challenged: clearly, the ALJ found that Ms. Johnson suffers from a medical impairment reasonably expected to cause pain, namely her fibromyalgia. (Tr. 17).  It is the intensity of her pain and its duration that the ALJ questioned. In the ALJ's opinion, the claimant's statements regarding her impairments and their impact on her ability to work were inconsistent with the clinical and objective findings, the reports from treating and examining physicians, her history of treatment and medications, and other evidence in the record. (Tr. 17-21).  After review of the ALJ's decision, I find the ALJ recognized her duty and evaluated properly Ms. Johnson's fibromyalgia and allegations of pain.  The ALJ did not rely solely on the existence or nonexistence of objective medical records in judging the intensity and persistence of Claimant's pain.  Rather, the ALJ also evaluated the evidence submitted by Ms. Johnson regarding her activities, the treatments she follows--including medications[2], physical therapy and her testimony at the hearing. (Tr. 17-20, 330-333). These factors, coupled with Ms. Johnson's testimony regarding her activities, were appropriately considered,[3] and they provide substantial support for the ALJ's conclusion.  Accordingly, there is substantial evidence to support the ALJ's analysis of Ms. Johnson's allegations of pain.

Claimant next contends that the ALJ erred by not considering her allegation of diabetes. *See* Plaintiff's Mem., p. 6.  Claimant's argument is without merit.  The ALJ did not "bar" her diabetes from

---

[2] The ALJ noted Claimant's testimony that she does not take any special medications for her fibromyalgia. (Tr. 19).

[3] SSR 96-7p provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms. SSR 96-7p (1996 WL 374186, *2 (S.S.A.))

"consideration" as Claimant alleges. Rather, the ALJ discussed the condition but found that there was no medical evidence to support that this recently diagnosed condition constituted a "severe" impairment as defined in the Regulations. (Tr. 18). I agree.

To be "severe", an impairment must significantly limit one's ability to do basic work activities. 20 C.F.R. §404.1521(a). An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). There simply is no evidence in the record--and none was cited by Claimant--that this alleged impairment was severe.

Claimant also argues that the ALJ improperly made "tentative" findings with respect to her mental impairments. This argument is without merit. First, the ALJ adequately documented her findings with reference to 20 CFR §§404.1520a, 416.920a which requires ALJ's to follow a special technique when mental impairments are alleged. (Tr. 18-19). Claimant takes issue with the ALJ's use of the word "may" in the findings portion of her decision regarding the Claimant's limitations in the four areas of functioning[4].

The Court fails to find that use of this language, in and of itself, departs from the analysis that the Regulation requires. Nor do I find that the use of the word "may" constitutes evidence of the ALJ's "animosity" towards Claimant, as she alleges. There is no evidence in the record which supports a finding that Claimant was more limited in these areas than the ALJ found. For example, the ALJ found that Ms. Johnson may have a "mild" limitation in social functioning. (Tr. 15, 16, 17, 157-158). In her decision, the ALJ discussed the Claimant's psychiatrist's notes where her initial GAF was assessed as 50/55 but the ALJ also noted that Claimant's GAF had improved to 70 by July of 2006. (Tr. 18). This evidence corresponds with the limitations found in the record and with Ms. Johnson's RFC. Finally, the ALJ's hypotheticals recognized Ms. Johnson's need for work that was simple and unskilled, i.e., did not require complex or detailed job instructions. (Tr. 19, 362). In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by

---

[4]For example, in the area of "activities of daily living", the ALJ stated "The claimant **may** have moderate limitation in this functional category due to her alleged symptoms.(Tr. 18)(emphasis added).

substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)) See also SSR 96-9p (1996 WL 374185 **9).

Finally Claimant argues that there is no evidence that she can perform "light" work and that the ALJ erred by affording persuasive weight to the opinion of only one the non-examining State Agency physician.  I disagree.   SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[5] When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physician's assessment.  In sum, the ALJ provided adequate explanation for her decision that Ms. Johnson could perform a range of light work.


Thus, for the reasons given, this Court DENIES Ms. Johnson's Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.


Sincerely,

/s/
11/24/09                 Paul W. Grimm
                         United States Magistrate Judge

---

[5] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).